Special Civil Suit no. 440/2017

IN THE COURT OF CIVIL JUDGE, SENIOR DIV. NASHIK

AT NASHIK

SPECIAL CIVIL SUIT NO. 440 OF 2017

IN THE MATTER OF PLAINT FOR COMPENSATION OF RS. 50,00,000/- FOR DEFAMATION AND PERMANENT INJUCTION

1. Kunal Raina

Age: 32, Occupation: Business

Residing at: C 503 Rosemary GreenLands,

PMC Garden, Rahtani Road, Pimple

Saudagar, Pune – 17

2. Abhijeet Bhausaheb Dighe

Age: 33, Occupation: Business

Residing at: 93, GulmoharVihar Colony,

Pipe Line Road, Nashik -7

   **…Plaintffs**

VERSUS

1) Bulletlink Technologies, a partnership firm

2) Mr. Salim Ibrahim Sindhi,

Age: 55, Occupation: Business partner

2) Mrs. ParveenSalim Sindhi,

Age: 50, Occupation: Business partner

No.2 & 3 both partners of Defendant no. 1

Both residing at:

Patil Nest No. 16, Near NavshyaGanapati,

Gangapur Road, Anandawali,

Nashik - 422013

                                                    **…Defendant**

<u>Suit claim: - for declaration, consequential injunction and damages of Rs. 50,00,000/-</u>

THE PLAINTIFFS MOST RESPECTFULLY STATE THAT;

1) The Plaintiff no.1, age 32, is an Indian National, and proprietor of TechCruiser Solutions which is a Content Management Service software

(CMSsoftware), which serves as an online platform for its customers to host their magazines, newspapers, bulletins, newsletters and other content. The Plaintiff no. 2, age 33, is an Indian National and a businessman. Plaintiff no. 1 and 2(hereinafter together referred to as "**the Plaintiffs**"). That Plaintiffs were temporary employees of the Defendantno. 1 and had no service agreement, contract and non-compete clause with the Defendant. Based on his knowledge of Open-source CMSsoftwares already available in the market, (such as Wordpress, Joomla, Drupal etc.) the Plaintiff no. 1 in his free time studied the current developments in IT technology and worked for his own business during his free time at his own place.It is to be noted that the Plaintiffs did not copy, use, steal, or misappropriate any source code from the Defendant's company. In fact, time and again the Plaintiffs have requested various fora, within India or abroad, to compare their software with the Defendant's software to find any similarities in the two, if any.

2)      Plaintiff no1 spent huge sum of money on developing, promoting and advertising his CMS Software Tech-Cruiser. Due to the superior qualityof this Content Management System and their efficient and personalized service, the Plaintiff no1 soon managed to get a client base spread across the globe.The saidCMS software is registered with the Copyright Registry. Registration certificate of copyright of TechCruiser software is annexed hereto and marked as "**Annexure-1**"

3)      On 26th February 2013, The Defendant filed an FIR against the Plaintiff no. 2 at Sarkarwada Police station, Nashik. The said FIR was registered under sections 65, 43(j) and 66 of the IT Act and Section 381 and 406 of the IPC alleging theft of the Defendants' software and some information. The Plaintiff no. 2 was not given any intimation of such FIR being filed nor was he summoned to the Police station. In fact, late at night on the same day, the police along with Defendant no.2Mr. Salim Sindhi and his few associates came to the Plaintiff no. 2's residence. Even though he was utterly perplexed at this turn of events, the Plaintiff no.2 offered to fully cooperate with the Police and their investigation.However, he wasn't given any chance to explain himself. Despite of him promising complete co-operation, the plaintiff no.2 was taken into the police custody on the above mentioned charges. While in custody, the Plaintiff no.2 was not given any opportunity to explain himself or to contact his lawyer.

The Plaintiff no.2 remained in the police custody for two days and was released later on bail. This entire ordeal caused Plaintiff no. 2 tremendous agony, trauma and emotional distress. In addition to the emotional and mental distress, his reputation was maligned in the public and caused irreparable damage to his public image as well as his career.,Annexed hereto and marked as "**Annexure-2**" is the copy of the said FIRno I62/2013dated 26$^{rd}$February, 2013.Thereafter, The Plaintiff no.2 immidiately applied for bail and the hon'ble magistrate was pleased to grant the same. After getting to know about the ordeal of Plaintiif no. 2, the Plaintiff no. 1 immidiately applied for anticipatory bail which the hon'ble District and Sessions Court of Nashik, was pleased to grant vide Order dated. 12th March, 2013.

4) On 3rd April, 2013, almost one and half month after the above mentioned FIR was filed,an article was published in the Lokmatnewspaper titled "Cyber Crime complaint registered at Sarkarwada police station. The article mentioned thatthe Plaintiff no. 2, Mr. AbhijeetDighe who was at that time an employee of the Defendantcompany, stole the source code of the Defendant's CMS software named Bulletlinkand provided it to techcruiser.com. First of all, this outrageous article was absolutely baseless and contained heavily altered facts. It came as a great shock to the Plaintiffs.  Further, it caused great distress as it maligned and irreparably damaged the Plaintiff no. 2's reputation in the public. The article completely disrupted his social life and caused him tremendous mental and emotional trauma. Further, the Plaintiffs' business was presented to the public and potential clients in an extremely bad light due to which his business suffered a great deal. A copy of the said newspaper article obtained from the archives of Lokmat office along with their receipt is annexed hereto and marked as "**Annexure-3**"

5) It is pertinent to point out that prior to filing the above mentioned FIR with the Sarkarwada Police Station Nashik, the Defendant seized the hard drive from Plaintiff no.2's office computer, and sent it to Pune for a private forensic analysis on 9th January, 2013. The said hard drive was not handed to the Police right away. The punchnama was conducted by the Police on 27th February, 2013copy of which is annexed hereto and marked as "**Annexure-4**". It is pertinent to note here that the Defendant was in possession of the Plaintiff no.2's hard drive for approximate span of one and half month and instead of

approaching proper authorities to determine theft or infringement, the Defendant chose to conduct a private investigation.

6) On 23rd November 2013, the Defendant filed yet another complaint before the Hon'ble Secretary (IT) and the Adjudication Officer atMantralaya, Mumbai, under the IT Act 2000 under sections 43(j) & 85. The Defendant moved for permanent injunction and claimed hefty damages of INR1,10,00,000(Rupees One Crore Ten Lakhs only). At the said time, the adjudicating officer, at the time of the hearing, directed the parties to submit their respective source codes to conduct forensic analysis of both the source codes to determine the alleged theft or infringement of copyright. The Plaintiff readily submitted his source code for the investigation. The copies of communication between the Investigating Officerappointed in this respect and the Plaintiff no. 1 are annexed herewith and collectively marked as "**Annexure-5colly**" which clearly indicated that the Plaintiff readily submitted their source code and all the other documents required. However, the Defendant outrightly denied to submit his source code. Thereafter, the Hon'bleAdjudicating Officer was pleased to dismiss the said matter and passed anOrder in favor of the Paintiffs. It was stated in the Order that the Defendant was not able to prove the allegations of theft of source code or use of their source code by the Plaintiffs. The copy of the said Order dated 15Jan 2015is annexed hereto and marked as "**Annexure- 6**". It is pertinent to note here that the Defendant was reluctant and refused to hand over the Bulletlink source code for an analysis. The side-by-side comparison of the two disputed software's was crucial in this case to determine infringement. Despite of being fully aware of this fact, the Defendant time and again avoided comparing the two softwares.This behavior is a clear indication that the Defendant was fully aware that the two softwares are completely different and that the Plaintiffs have not stolen any vital information or source code from the Defendant company.

7) In January, 2016the Defendant approached the Nasik District Court and filed a copyright infringement suit against the Plaintiffs. The Defendants also filed an application for interim injunctionunder Ex. 5 along with the said Plaint. The Hon'bleDistrict Court vide its order dated 30th April, 2016 dismissed the said interim application and stated that the Defendant failed to make out any case for injunction. The Copy of the said interim Order of the Hon'ble Court is annexed hereto and marked as "**Annexure- 7**". In the same suit, the Defendant

made false statements that his Nashik office was forced to shut down due to Plaintiffs business activities whereas it was shut because of some trouble with the Nasik Municipal Corporation and the office builder. This conduct of the Defendant goes on to show that the Defendant is a quarrelsome person who enjoys harassing people and does not hesitate to file false, frivolous, vexatious and mischievous complaints and litigation to coerce people into submitting to his will.

8) In May 2016, the Plaintiff no 1 received a summons from the District Court of Texas, United States of America where the Defendants had filed a copyright infringement suit against the Plaintiff no 1. Copy of the Defendant's plaint dated 5th October, 2015 is annexed hereto and marked as "**Annexure- 8**". Plaintiff no 1 is an Indian resident. In fact, hehas never travelled to any other country. Moreover, the Plaintiff no1 has no place of business in Texas, USA. Being an online content hosting service, his business is entirely run online and caters to clientele from all around the world from their online platform. The Plaintiffs business at that stage was merely a startup and he did not have financial backing to hire an attorney in the USA to represent them in the Court. The Plaintiff through his attorney in India sent their initial pleadings in the said suit by courier service which was received by the District Court of Texas, USA on 21st June 2016. Since the Plaintiff and his attorney in India were not well versed with the procedure in the US, they failed to comply with certain procedural requirements such as filing the Certificate of Interested Persons along with their written pleadings. The District Court of Texas vide its order dated 29th September, 2016 informed the Plaintiffs about the necessary documents to be filed. Unfortunately there was a delay on the part of Plaintiffs in filing necessary documents which led to the Hon'ble Judge, District Court of Texas, USA to give a default Order of Permanent Injunction against the Plaintiff since they failed to represent within stipulated time. Copy of the said Order dated 21st November, 2016 is annexed herewith and marked as "**Annexure- 9**". It can be clearly establish by looking at the Defendant's plaint (at Annexure- 8) that the Defendant conveniently failed to mention the litigation pending before the Nashik Court or Orders passed by various fora in this matter which were all in favour of the Plaintiffs. The Defendant suppressed vital material information from the Texas District Court. This only goes on to show the malafide intentions of the Defendant. The Defendant clearly tried to

take advantage of the Plaintiffs helplessness in a foreign country and before a new forum only to pressurize them further and putting an end to their business. The Defendant,in fact, abused the process of law by going for multiple proceedings for the same case by suppressing the material factsand obtained prohibitory Orders to suppress he plaintiff with only intention to harass the Plaintiff and bring his business to disrepute.

9) As soon as the Plaintiff became aware of the default judgment of the Ho'ble District Court of Texas, USA, the Plaintiff took the necessary action and filed an application through their attorney to set aside the impugned order dated 21st November 2016. The Hon'ble Court rejected the Plaintiffs' motion to overturn the default judgment.

10) Plaintiffs filed a motion with the hon'ble District Court of Texas, USA, to hear the case on its merits but the Hon'ble Court, despite of the Plaintiffs repeated requests, refused to hear the matter on merits. The copy of the said Order dated 27the October, 2017 is annexed hereto and attached as "**Annexure-10**". The Hon'ble Court was however pleased to grant the Defendant's motion to claim damages and to enter into final judgment and directed the Plaintiffs to pay damages worth USD 1,393,494.00i.e approx. INR 9,00,83,116.38 (Rupees Nine CroreEighty Three Thousand One Hundred Sixteen and Thirty Eight Paise only)to the Defendant vide its Order dated 6th Nov 2017. Copy of the order is annexed hereto and marked as **"Annexure- 11".**

11) The Plaintiff on 21st Nov 2017 filed a motion andnotice of appeal to the Fifth Circuit Courts against the Order passed by the District Court of Texas. Thesaid Order dated 6th Nov 2017 was passed on procedural and technical grounds without allowing the Plaintiff a chance to be heard on merit. The Defendant filed this suit in a foreign Court with complete awareness that the Plaintiffs are unaware of the US Laws and procedure and that they are financially not capable of affording a US attorney. This goes on to further prove that the Defendant was only interested in scaring and harassing the Plaintiffs in order to prevent them from carrying out their business.The Defendant suppressed material facts from the US Court regarding the Orders passed by various Indian Courts and litigation pending back in Nashik Courts. (Copyright Suit no 01/2016)

12)     It is pertinent to reiterateand point out that the Defendant is not the first or the only online service provider to host contents of newspapers, magazines or newsletters online. There are many entities that provide the said services. It is crystal clear from the Defendant's actions that it is an attempt of suppressing competition and disrupting the business of their competitor by filing false complaints and suits. The Defendant is clearly forum shopping and filing litigations at every possible platform with a sole intention to harass the Plaintiffs emotionally, mentally and monetarily and to distract them from their business. The Defendant is very well aware that the repeatedly filing suits and complaints in every possible forum is going to drain the Plaintiff financially and would eventually result into bankruptcy which will put an end to their business. The Defendant is filing the malicious suits in the market with a sole intention to remove a tough competitor from the market and steal their clients.

13)     In fact, on December 2016, The Plaintiffs were informed by several clients and their service providers that they are receiving emails from The Defendant's attorney. On 1st December 2016, The Defendant's attorney wrote an email to the Plaintiff's payment gateway service Paypal insisting that the Plaintiffs' have stolen their software and their trade secrets. The email stated that "…….*Mr. Raina was an employee for Bulletlink. He gained access to highly confidential information and trade secrets belonging to Mr. Sindhi and Bulletlink, illegaly copied and misappropriated that information and used it to form his own competing business named TechCruiser… which he developed and operated from Bulletlink's offices. Techcruiser offers same types of services and products as Bulletlink…*". Further it was stated in the email that "*… the Court has now ruled in favor of Mr. Sindhi and the purpose of this letter to give you notice that on November 21st 2016 the Court entered a permanent injunction against Mr. Raina……….*"  In the said email the Defendants threatened the payment gateway service Paypalwith contempt of Court and asked them to deactivate the Plaintiffs' account and freeze their funds till the Court orders them to turn over to Bulletlink. The email was written after the Default judgment was passed by the Hon'ble Texas Court on 21st Nov 2016. The said email was written in extremely defamatory manner and projected the Plaintiffs and their business in a bad light. Moreover, the email conveniently failed to mention that the said order was made in default due to delay of representation on Plaintiff's behalf. Also it suppressed the facts about the

litigation pending in Nasik District Court or the Orders obtained in India in Plaintiff's favor. After receiving the said email from the Defendant's attorney, Paypal wrote to the Plaintiffs and ceased to provide any service to Plaintiff. Their account with Paypal was permanently deactivated and their funds were frozen causing Plaintiff great monetary loss. Also, the order passed by the court was not the final order and Defendant had no right to circulate the same before the final judgment.TheDefendant's email is annexed hereto and marked as "**Annexure- 12**"

14)   The Defendants have sent a series of defamatory, threatening emails to many clients of Techcruiser and succeeded in deceiving them and convincing them to end their business arrangement with the Plaintiff and joining the Defendant's business by switching to Bulletlink. Quoting one such email dated 1st December 2016 "*...you are invited to contact Mr. Sindhi to discuss how Bullentlink may assist you in continuing to enable your online publication by switching to Bulletlink without any interruptions..*" In another email dated 1st February, 2017 The Defendant stated that "*The United States District Court has entered a Permanent ban against TechCruiser.com owner KunalRaina prohibiting him from using CMS product or services* **that he stole from bulletlink.com**"**,** further it is stated that "*We have some clients from TechCruiser.com who switched to us without data/archives/new domains, not wanting to associate themselves* **with a fraud company**"the impugned email also goes on to state that "**techcruiser.com runs on a stolen source code** *and for which Plaintiff no 1 faces 7 years in jail*". In another email dated 11th February, 2017 the Defendant' has stated that "*KunalRaina is complaining about expenses inspite of making thousands of dollars per month* **from stolen CMS system from bulletlink.com** *and serving it to US clients. KunalRaina (TechCruiser.com) creates the impression that TechCruiser is a US based company by listing a New York address as its business address on the TechCruiser.com contact page and by listing a US telephone number as it business number. The actions appear to be designed to deceive TechCruiser.com clients, most of whom are located in the US*" Copies of the emails sent by the Defendant' to the plaintiffs' clients including the ones quoted above are annexed hereto and collectively marked as "**Annexure-13 (colly)**"

15)   It is to be noted that all the above emails were already sent before the Texas District Court could enter into a final judgment. The Defendant directly

approached the Plaintiffs' Clients and service providers through these emails and made extremely derogatory, false, frivolous and malicious comments about the Plaintiffs' business. Moreover, the Defendant has yet again suppressed material facts from the Clients pertaining to the pending litigation and Order passed by the Nashik District Courts in the said matter. This act of the Defendant makes it crystal clear that the Defendant is only interested in eliminate competition from the market and poaching the Plaintiffs's clients. The Defendant's derogatory emails portrayed the plaintiffs' business in extremely bad-light which caused them to suffer immense loss of reputation as well as money as many of the Plaintiffs' clients opted to switch to the Defendant's software Bulletlink.

16)    The Defendants are strategically bad-mouthing the Plaintiffs and their business to their clients by providing them with false information, hiding vital information from them, threatening them about contempt of Court and convincing them to switch to Bulletlink.Annexed hereto and marked as **"Annexure-14"** is the list of some of the clients which Defendant diverted from Plaintiff no 1. After a series of defamatory emails(calling plaintiffs company as a fraud company and its product as a stolen CMS system) by Defendant to the plaintiff's clients, plaintiff has lost his reputation in the newspaper publishing industry and his hard earned trust among the clients and other publishers. Due to which many clients have stopped their services with the plaintiff and switched their sites to defendant or other service providers causing great financial loss to the plaintiff.

17)    On 8th April, 2017, The Plaintiff received a notice from Google that they had received a legal complaint from the Defendant, which resulted in Google blocking the Plaintiff no 1's site www.techcruiser.com from their US search engine. It is needless to say that for any online service provider Google is one of the best sources to connect with potential customers. Therefore, after being banned from the search engine they have lost means to connect with their customers and potential clients overseas. Their business has suffered huge losses. Again, the Defendant acted recklessly and emailed the default order which was not the final judgement.  The email from Google dated 8th April, 2017 is annexed herewith and marked as **"Annexure- 15"**

18) The Defendant also obtained username and password from one of TechCruiser's customers and used their login details to hack the Plaintiff no 1's websites. The Defendant logged into the techcruiser CMS illegally multiple times and stole confidential information from it. The Defendant has gone to an extent to hack into the Plaintiff systems, took screenshots of the dashboard and implemented the same on his software to make it look identical. This can be described fraud committed out of nothing but jealousy and malicious intent to end the Plaintiffs business as it poses to be a competition to the Defendant's business. This is a serious invasion of privacy of the Plaintiffs. Details of all such hacking attempts are attached herewith and marked as "**Annexure-16**".

19) The Plaintiffs are young entrepreneurs. They have worked very hard on developing their software and they strive to provide their clients with quality services and to honestly conduct their business. The Plaintiffs have spent a huge sum of money on advertising and marketing their services to the public. The Plaintiffs' software is in no way copied from the Defendant's software. The Plaintiffs have spent considerable time on developing their own unique source code and they have not used any technical know-how or any other aspect of the Defendant. The Hon'ble adjudicating officer of the IT department, Mantalaya and The Hon'ble District Court, Nasik (Mrs. Urmila Joshi-Phalke) have come to an unmistakable conclusion in their respective orders dated 15th January, 2015(Annexure-6) and 30th April, 2016 (Annexure-7) that there are no similarities between the two softwares. Therefore, the Defendant is using variety of techniques only and only to harass the Plaintiffs and with an ulterior motive to shut their business and avoid competition.

20) The Defendant went to an extent of filling frivolous suits in the District Court of Texas being fully aware that the Plaintiffs have no idea about the procedure, that they have no financial backing to afford to hire an attorney to represent them in the Court. The Defendant suppressed material facts from the Court by completely failing to mention the litigation pending in India or the orders passed by the Indian Courts. The Defendants are now directly approaching the Plaintiffs' clients and their service providers and threatening them with contempt of Court and giving them defamatory information about the Plaintiffs. Because of The Defendant's tactics, the Plaintiffs' business has suffered irreparable loss of reputation and huge pecuniary loss. The Plaintiffs are unable to acquire new customers, advertise their product. The Plaintiffs are

suffering from tremendous mental and emotional trauma. The relentless attempts of the Defendant have also maligned their image in the public which has affected their social as well as professional life.

21) That the cause of action for the present suit first arose when the Defendant by managing the local Police caused an illegal arrest of the Plaintiff no. 2, It also arose from time to time on the various dates mentioned in the body of Plaint and is continuously arising as the Defendant is still prevailing over number of clients of the Plaintiff and the suit is brought in this Hon'ble Court as the defendants are residing at Nashik and carrying on their business within the territorial jurisdiction of this Hon'ble Court at Nashik.

22) Since the Plaintiffs' suit is valued at more than Rs. 5,00,000/- in the special jurisdiction of this Hon'ble Court, and this Hon'ble Court is entitled to entertain, try and decide the present suit.

23) The Plaintiffs suit suffers no bar of Law of Limitation.

24) The present suit is valued for Rs 50,00,000/- ( Rs. Fifty Lakh Only) therefore the Court fee payable for the said suit is Rs. 73,320/- (Rs. Seventy Three Thousand Three Hundred Twenty Only) which has been duly paid.

25) It is therefore prayed that,
(a) It may please be declared that the article published in daily Lokmat dated 3rd April, 2013 and such other communications issued by the Defendant to Plaintiff's clients and other service provider is a defamation resulting loss of reputation to the Plaintiffs and hence is an illegal act;

(b) that the Defendants be directed to pay an amount of Rs. 50,00,000 (Rupees Fifty Lakh Only) as compensation towards damages and loss of reputation, as set out in the body of the Plaint;

(c) that from the institution of this suit till the date of disposal the Defendant be directed to pay the interest at the rate of 12% per annum on the amount of compensation;

(d) that an Order of permanent injunction may be passed restraining the defendant from issuing any such letters/communications to the Plaintiff's Client & their Business Associates, further threatening them with contempt of court and/or misrepresenting the facts and;

(e)  that pending the final hearing & disposal of this suit the defendant be temporarily restrained from issuing any letters/communications to the Plaintiff's Client & their Business Associates, further threatening them with contempt of court and/or misrepresenting the facts and;

(f)  That the defendants' be saddled with cost of the suit;

(g)  Any other relief as this Hon'ble Court may deem fit.

NASHIK

Date:                                                    Plaintiff           no.1

_____

( Mr. Kunal Raina)


                                                         Plaintiff       no.    2

_____

( Mr. Abhijeet Dighe)

**VERIFICATION**

I, **Abhijeet Dighe,** Indian National**,** R/o : Nashik the Plaintiff no. 2 above named do hereby solemnly affirm and verify that whatever stated in foregoing paragraph nos. 1 to 25 are true and correct to best my knowledge and belief.

In witness whereof, I have signed hereunder on this       day of November 2017 at Nashik.

**Plaintiff**

**Accompaniments :**
1.   Plaint in duplicate together with court fees stamp, process fees and affidavit U/s 26 (2) C.P.C. 1908.
2.   Vakalatnama.
3.   List of documents.
4.   Memo of address.

**Janaki A. Bhide**
B.S.L, LL.B., LLM (London)
**Advocate**
3+10+19, Setavi Apartment,
Patil Lane No.1, College Road,
Nashik - 422 005.
Phone-Res.: (0253) 2577557.
          Ch.: (0253) 2574192.
Mobile No.: 8087573662.
**E-mail id :janakibhide.ils@gmail.com**